S89A0618. LEBBAGE v. THE STATE.
(388 SE2d 521)

WELTNER, Justice.

Conan Lebbage shot and killed Augustus Ross and Tommy Lee Curtis with a handgun. He was convicted of burglary, murder, and aggravated assault, and was sentenced to two terms of life imprisonment and a term of years.[1]

Lebbage testified that he had used the drug known as "crack" cocaine since 1987, and had obtained it regularly from Ross and Curtis, among others. He went to Ross's home to purchase drugs, carrying with him a handgun that he intended to trade for cocaine. When Ross and Curtis refused to trade, Lebbage killed them. He testified at trial that "crack cocaine pulled the trigger."

1. The evidence is sufficient to permit a rational trier of fact to

---

[1] The homicides occurred July 17, 1988, and Lebbage was indicted on September 6, 1988. He was found guilty of burglary, two counts of murder, and two counts of aggravated assault on March 30, 1989 and was sentenced the same date. His motion for new trial was filed on April 21, 1989, and denied on June 26, 1989. A notice of appeal was filed on July 21, 1989. The appeal was docketed on September 28, 1989, and submitted without argument on November 10, 1989.

find Lebbage guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) The trial court rejected Lebbage's request for a charge on voluntary manslaughter. The only evidence relating to provocation on the night of the homicide was Lebbage's assertion that Ross and Curtis refused to sell drugs to him.[2]

(b) "Since this charge [of voluntary manslaughter] was not warranted by the evidence, we hold that the court did not err in refusing to give it." *Jolley v. State*, 254 Ga. 624, 627-8 (331 SE2d 516) (1985).

3. (a) Lebbage contends that the trial court erred in instructing the jury as to a permissible sentence. During its deliberations, the jury inquired whether the state was seeking to impose the death penalty. The trial court stated:

> Normally, I charge the jury that you are not to concern yourself with punishment in a case, you are only concerned with the guilt or innocence. However, I will instruct you at this time that the state is not seeking the death penalty in this case, and any other punishment would not be a concern of yours.

(b) There was no error.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 1990.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.

---

[2] After receiving *Miranda* warnings, Lebbage told the authorities: "Well they needed to die. I just wanted a crumb of cocaine. I've been doing my business there, they been getting all my money. I just wanted a crumb of cocaine and they would not let me have it and I flipped out."